UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WANDA GLANDORF,<br><br>　　Plaintiff,<br><br>v.<br><br>ARAMARK FACILITY SERVICES, LLC.,<br><br>　　Defendant. | Case No. _____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES, Plaintiff, Wanda Glandorf, by and through her attorney, Prabhu Narahari, of Kraemer, Manes & Associates LLC, and files this complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this action under the Americans with Disabilities Act ("ADA") 42 U.S.C §12101-12213, the Family and Medical Leave Act ("FMLA"), 29 § U.S.C. 2601 *et. seq.*, and 42 U.S.C. §§ 1983 and 1988.

### II. Jurisdiction and Venue

2. This action arises under the statutes cited in the preceding paragraph. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding her allegations under the ADA on Jan 23, 2018 under charge number 533-2018-00672. *See Exhibit 1*.

5.      Plaintiff was mailed Notice of Right to Sue from the EEOC on August 23, 2018. The Complaint has been filed within ninety (90) days of the Plaintiff's receipt, this making this action timely. *See Exhibit 2.*

### III. Parties

6.      Plaintiff, Wanda Glandorf, ("Plaintiff"), is an adult individual who currently resides at 550 Birkshire Avenue, Pittsburgh, PA 15226.

7.      Defendant, Aramark Facility Services, LLC ("Defendant") is a corporation with a business address of 1101 Market Street, Philadelphia, PA 19107. The Plaintiff was employed at the Peters Township Outpatient Center located at 160 Gallery Drive, McMurray, PA 15317.

### IV. Facts

8.      Plaintiff began working for Defendant on or about February 28, 2016. She worked in housekeeping as an Environmental Service Aid.

9.      Plaintiff fell and injured her foot on June 15, 2017.

10.     On June 16, 2017, Plaintiff called her manager, Shannon Mangold, and informed her about the injury. The Defendant filled out the forms for FMLA leave but the Plaintiff received a letter stating she was 69 hours short of qualifying for FMLA. Plaintiff requested a written statement

11.     An orthopedic surgeon determined that the Plaintiff broke her foot and lost a piece of bone. She was put in a cast and unable to walk.

12.     Plaintiff provided the Defendant with a doctor's note and informed her supervisor, Billie Lean Labrosse, that she would return to work on August 23, 2017.

13.     The Plaintiff had to use vacation days and PTO to recover from her injury.

14. Plaintiff requested a written statement from her manager, Shannon Mangold. Plaintiff was afraid she would be terminated while on leave. Ms. Mangold insisted Plaintiff's doctor's notes were sufficient.

15. On August 21, 2017, the Plaintiff returned to work with no restrictions and worked a full shift.

16. On August 22, 2017, the Plaintiff was terminated in the Defendant's "best interest," despite having no performance issues.

### V. Causes of Action

#### Count I
#### ADA Discrimination

19. All other paragraphs of this pleading are incorporated herein as if set forth at length.

20. Defendant constitutes an "employer" within the meaning of the ADA.

21. Plaintiff was an employee with an injury, but without a disability within the meaning of the ADA.

22. Defendant was notified of, and fully aware of, Plaintiff's injury at all times relevant hereto.

23. Defendant terminated Plaintiff, in whole or in part, because of it perceived her as too disabled to perform the essential functions of her job, when in fact she had no disability.

24. Plaintiff's unlawful termination is an adverse employment action in violation of the ADA.

25. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for the Plaintiff, and against the Defendant for: loss of wages; front pay as deemed appropriate by the court; compensatory damages; plaintiff's legal fees; pre-judgment and continuing interest; court costs; and any other such relief as the Court may deem just and proper.

## COUNT II
### FMLA Retaliation

26. All other paragraphs of this pleading are incorporated herein as if set forth at length.

27. Defendant employs more than 50 people within a 75-mile radius of the worksite where Plaintiff worked.

28. Plaintiff, while unqualified for FMLA leave, requested FMLA leave information and application papers on June 16th, a day after her injury.

29. Plaintiff avers that Defendant retaliated against Plaintiff for exercising her lawful right to request FMLA-protected leave by terminating her only one (1) day after she completed her first full day of work after returning from leave for her injury.

30. Defendant's acts and omissions are in violation of the FMLA and constitute illegal retaliation under the FMLA.

31. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity, including: lost

wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

Respectfully Submitted,

/s/ Prabhu Narahari
PA ID: 323895

**KRAEMER, MANES
& ASSOCIATES LLC**
US Steel Tower, 48th Floor

600 Grant St, Suite 4875
Pittsburgh, PA 15219
(412) 626-5588 Direct
(412) 637-0237 Fax
pn@lawkm.com